UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>RAFAEL LOPEZ-ONTIVEROS<br><br>                              Defendant. | Case No.: 15-cr-575-GPC-1<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 428.]** |

Before the Court is Defendant Rafael Lopez-Ontiveros's motion for reconsideration of the Court's denial of his motion to reduce sentence under 18 U.S.C. § 3582(c). ECF No. 428. The Government has filed an opposition. ECF No. 430. For the reasons that follow, Lopez-Ontiveros's motion for reconsideration is **DENIED.**

### I.     BACKGROUND

On August 17, 2020, Lopez-Ontiveros filed a motion to reduce his sentence, arguing that a sentence reduction is warranted given the threat posed by the COVID-19 pandemic. ECF No. 413. Lopez-Ontiveros had already been infected with COVID-19, and he argued that his medical conditions put him at increased risk of severe effects were he to contract the illness again, particularly because he had not fully recovered. *Id.* On October 6, 2020, this Court issued an order denying Lopez-Ontiveros's motion. ECF No. 426. The Court found that although Lopez-Ontiveros had demonstrated he was at some

1

risk of reinfection with a serious case of COVID-19, reduction of his sentence would not be consistent with the 18 U.S.C. § 3553 sentencing factors and Lopez-Ontiveros had not established he would not present a danger to the public upon his release.  ECF No. 426.

## II.   DISCUSSION

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration.  However, the Ninth Circuit has stated that "post-judgment motions for reconsideration may be filed in criminal cases." *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).  District courts have generally reviewed such motions under the standard set forth in Federal Rules of Civil Procedure 59(e) and 60(b).  *See United States v. Mendez*, No. CR-07-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008); *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016).

A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999)); *see also Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004).  Similarly, under Rule 60, a motion for "relief from a final judgment order or proceeding" may be granted in the case of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Whether or not to grant reconsideration is left to the sound discretion of the district court.  *United States v. Bailey*, No. 3:13-CR-30460CAB-1, 2016 WL 10675909, at * 1 (S.D. Cal Oct. 25, 2016) (citing *Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003)).  This District's Civil Local Rules also provide guidance on motions for reconsideration, requiring the party seeking reconsideration to indicate "what

new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Civ. L.R. 7.1(i)(1).

Lopez-Ontiveros moves to reconsider the Court's order denying a reduction of his sentence. Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that:

(1) (A) Extraordinary and compelling reasons warrant the reduction;

. . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

In the instant motion, Lopez-Ontiveros argues the Court erred in finding that he would pose a danger to the community if released and that reducing his sentence to time-served would not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Lopez-Ontiveros also reiterates the conditions of confinement at FCI Lompoc that he states place him at increased risk for being reinfected with COVID-19 and suffering serious complications. The Court notes that these contentions were available to Lopez-Ontiveros at the time he submitted his initial motion, and most were before the Court when it considered his initial motion for reduction of sentence; with regard to Lopez-Ontiveros's arguments that he is at risk of reinfection, the Court indeed found in its previous order that he was at some risk. *See* ECF No. 426. The Court therefore finds that the motion does not meet the standards for reconsideration as reflected in Rule 59(e), Rule 60(b), or Civil Local Rule 7.1(i)(1), as it fails to identify new facts or arguments or point to clear error by the Court. In any case, the Court finds

3

Lopez-Ontiveros has not made a showing that he is entitled to a reduction in his sentence based on the information included in his motion for reconsideration.

### A. Danger to the Community

Lopez-Ontiveros argues that his rehabilitation while in prison, as evidenced by his completion of almost three dozen vocational, training, and substance abuse programs during prison as well as his strong performance in various jobs while incarcerated, indicate that he no longer poses a danger to the community. ECF No. 428 at 4; ECF No. 435-1 at 10, 18. He also points to the non-violent nature of his underlying offense and his criminal history. *Id.* The Government counters that despite the non-violent nature of Lopez-Ontiveros's underlying offense and criminal history, considerations of public safety are not limited to whether the defendant presents a direct threat of violence, but rather can extend to the dangers posed by drug trafficking. ECF No. 430 at 3 (quoting *United States v. Aileman*, 165 F.R.D. 517, 596 (N.D. Cal. 1996).

The Court commends the efforts Lopez-Ontiveros has made towards rehabilitation while in custody and appreciates that he has significant family support and a genuine desire to be there for his children. However, consistent with its previous order, the Court finds that Lopez-Ontiveros has not shown that he would not pose a danger to the community if released. At Lopez-Ontiveros's sentencing, the Court found that he had a supervisory role in the drug trafficking organization and obtained large amounts of methamphetamine imported from Mexico, which was ultimately distributed through at least one other individual working under Lopez-Ontiveros. ECF No. 358 at 6, 8, 21. Although his underlying offense was non-violent, district courts have denied compassionate release when the defendant had a leadership role in or a history participating in drug trafficking schemes, citing concerns about public safety. *E.g.*, *United States v. Sandoval*, No. CR14-5104RBL, 2020 WL 3077152, at *6 (W.D. Wa. June 10, 2020) (denying compassionate release because defendant "lead a drug trafficking organization" and "[n]othing about the COVID-19 pandemic reduces the

4

danger of drugs"); *United States v. Legaspi*, No. 19-cr-1671-2-L, 2020 WL 5642748, at *4 (S.D. Cal. Sep. 22, 2020) ("The Court finds that Defendant's drug addiction, criminal history, and inability to successfully complete terms of parole or probation indicate that, despite his new sobriety in custody, he would be a danger to others if the Court was to grant his motion for compassionate release."). The Court agrees with this approach. The sentencing guidelines indicate that courts should look to 18 U.S.C. § 3142(g) for guidance in determining whether the defendant poses a danger to the safety of any other person or the community or to the community. U.S.S.G. 1B1.13(2). Section 3142(g) sets out a number of factors for a court to consider when evaluating its ability to assure the safety of other people and the community, including "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance[.]" 18 U.S.C. § 3142(g)(1). The defendant's personal background and criminal history are also relevant, and Section 3142(g) does not suggest that only a history of violence can support a court's conclusion that the safety of the community would be at risk. 18 U.S.C. § 3142(g)(3). Thus, although the violence or non-violence of the underlying offense is relevant, 18 U.S.C. § 3142(g)(1), it is not dispositive to the court's determination.

Ultimately, the Court finds that Lopez-Ontiveros's repeated involvement in drug trafficking and history of supervised release violations demonstrate that Lopez-Ontiveros still presents a danger to the community and accordingly, weigh heavily against his release.

**B.     Sentencing factors**

The Court must take into account the sentencing factors set forth in 18 U.S.C. § 3353(a) before determining that a reduction in sentence is warranted. 18 U.S.C. § 3582(c)(1)(A). These factors include, among other things, the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

Lopez-Ontiveros argues that a sentence of time served, which amounts to approximately 80 months with good time credits included, is appropriate for his offense in light of these sentencing factors. ECF No. 428 at 5. He argues that a sentence of 80 months would be similar to the sentences imposed on most other members of the same drug-trafficking conspiracy. *Id.* The Government argues that Lopez-Ontiveros has not served a meaningful portion of his sentence and reducing his sentence to time served would not reflect the seriousness of the offense. ECF No. 430 at 2.

The Court agrees with the Government and finds that reducing Lopez-Ontiveros's sentence to the approximately 80 months served with good time credits would not reflect the seriousness of the offense and would create an unwarranted sentencing disparity between similarly-situated defendants. At Lopez-Ontiveros's sentencing hearing, the Court noted that Lopez-Ontiveros's offense was "extremely serious," particularly given his continued involvement with drug trafficking. ECF No. 358 at 22. Although Lopez-Ontiveros's co-defendants received lower sentences (with exception of co-defendant Margarito Ontiveros), given the large quantity of drugs Lopez-Ontiveros was found to have distributed, the longevity of his involvement in the drug trafficking scheme, and the supervisory role he undertook in the scheme, the Court explicitly recognized Lopez-Ontiveros was not similarly situated to his co-defendants and "warrant[ed] the greatest sentence of all of the defendants." *Id.* at 25. Section 3353(a) also does not limit the Court to considering only the potential disparity between co-defendants, but between all similarly-situated defendants who engaged in similar conduct. 18 U.S.C. 3553(a)(6). Lopez-Ontiveros already received a variance from the sentencing guideline range of 262 months, indicating that a further reduction would create a significant disparity with similarly situated defendants in other cases. Further, the Court notes that it already considered a number of the arguments regarding his rehabilitation that Lopez-Ontiveros raises here when it imposed the original sentence. *See* ECF No. 358 at 10, 23–24.

Accordingly, the Court finds that Lopez-Ontiveros has not shown in his motion for reconsideration that a reduction in his sentence would be consistent with the sentencing factors in Section 3353(a).

### III. CONCLUSION

For the reasons set forth above, the Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 19, 2021

Hon. Gonzalo P. Curiel
United States District Judge